IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AMERISOURCEBERGEN DRUG CORPORATION, | : | |
|---|---|---|
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 10-5114 |
| CIOLINO PHARMACY WHOLESALE DISTRIBUTORS, LLC, et al., | : | |
| Defendants. | : | |

Goldberg, J.                                                      May 24, 2011

## MEMORANDUM OPINION

Plaintiff, AmerisourceBergen Drug Corporation, has initiated this breach of contract and unjust enrichment action against Defendants, Ciolino Pharmacy Wholesale Distributors, LLC, and Ciolino Pharmacy, Inc., alleging that the Defendants failed to pay for pharmaceuticals they ordered in December 2008. Presently before the Court is Defendants' "Motion to Dismiss for Lack of Jurisdiction and Improper Venue, and Motion to Partially Dismiss for Failure to State a Claim Upon which Relief can be Granted" (Doc. No. 8). For the following reasons, Defendants' motion will be granted.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, AmerisourceBergen Drug Corporation (ABDC), is a supplier of medical and pharmaceutical products. ABDC is incorporated in Delaware and has its principal place of business in Pennsylvania. Defendant, Ciolino Pharmacy Wholesale Distributors, LLC, is a Louisiana limited liability company, which distributes pharmaceuticals in Metaire, Louisiana. Defendant, Ciolino

1

Pharmacy, Inc., is a Louisiana corporation that operates several retail pharmacies, also in Metaire, Louisiana. (Compl. ¶¶ 1-6.) Steven Ciolino is the president and owner of both companies.

On December 9, 2008, Plaintiff and Defendants entered into a "Credit Application and Credit Agreement" (Credit Agreement), wherein the Defendants agreed to purchase pharmaceuticals from Plaintiff on credit. The Credit Agreement included a "<u>Consent to Jurisdiction</u>" provision, providing that "in any lawsuit initiated by ABDC against [the Defendants]," each party "irrevocably consent[s] to the exclusive jurisdiction of the United States District Court for the Eastern District of Pennsylvania," or any Pennsylvania state court sitting in Chester County, and that Defendants "waive[] any objection to improper venue."[1] The Credit Agreement also, however, included a provision allowing for written modification by the parties. See (Compl., Exs. A, B.)

On December 15, 2008, Defendant, Ciolino Pharmacy Wholesale Distributors, LLC, forwarded Plaintiff a separate "Supply Agreement[,]" which was signed by all parties. The Supply Agreement did not contain a forum selection clause and importantly provided that "[t]his Agreement supercedes prior oral or written agreements by the parties that relate to its subject matter other than the security interest, which is in addition to and not in lieu of any security interest created in other agreements." See (Compl. ¶¶ 8-11, Exs. A-C.)

On August 23, 2010, Plaintiff filed this action in the Court of Common Pleas of Chester County, Pennsylvania, alleging breach of contract and unjust enrichment. On September 29, 2010, Defendants removed the case to this Court, invoking diversity jurisdiction. (Doc. No. 1.) On October 26, 2010, Defendants filed a motion to dismiss.

---

[1] The Credit Agreement also provides that this agreement "is not binding on ABDC unless accepted by ABDC in Chester County, Pennsylvania[,] where this Credit Agreement is deemed made[.]" (Compl., Exs. A, B.)

## II. STANDARD OF REVIEW

In evaluating a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the court must determine whether the plaintiff has set forth sufficient facts to establish a prima facie case of personal jurisdiction, accepting all of plaintiff's allegations as true and construing all disputed facts in plaintiff's favor. See Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368-69 (3d Cir. 2002). Motions to dismiss on the basis of improper venue under Rule 12(b)(3), alternatively, require the court to determine whether the forum is a fair and convenient place for trial.[2] Cottman Transmission Servs., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).

A defendant may consent to personal jurisdiction and venue pursuant to a valid forum selection clause. See Gandalf Systems Corp. v. Tri-Tek Information Systems and Services, 1992 WL 172596 at **2-3 (E.D.Pa. Jul. 13, 1992); Super 8 Worldwide, Inc. v. KNR Hotels, LLC, 2009 WL 4911942 at **2-3 (D.N.J. Dec. 11, 2009).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), asserting that this Court lacks personal jurisdiction and that the Eastern District of Pennsylvania is an improper venue.[3] Although a forum selection clause was contained in the parties' Credit Agreement, Defendants assert that the clause was superceded by the terms of

---

[2] Venue in diversity cases such as this one, is generally proper in a judicial district where: (1) any defendant resides; (2) a "substantial part of the events or omissions occurred," or a substantial part of the property at issue is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a)(1)-(3).

[3] Defendants further contend that, in the event we do not dismiss Plaintiff's complaint on jurisdictional grounds, we should dismiss its contract claims under the Credit Agreement and each of its unjust enrichment claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Because we agree with Defendants' jurisdictional arguments, we need not reach this issue.

the Supply Agreement and is therefore invalid. Defendants further contend that Plaintiff has failed to otherwise sustain its burden to prove a prima facie case of personal jurisdiction. Plaintiff responds that the forum selection clause was not superceded by the Supply Agreement and Defendants, therefore, have no basis to challenge either jurisdiction or venue.

As noted supra, the Supply Agreement expressly "supercedes prior oral or written agreements by the parties that relate to its subject matter," with the exception of any "security interest created in other agreements." This superceding language necessarily includes the prior Credit Agreement because the "subject matter" of that agreement is, like the Supply Agreement, the sale of pharmaceuticals. According to the controlling Supply Agreement, the only aspect not superceded is "security interest created in other agreements[,]" which has nothing to do with jurisdiction or forum selection. We therefore conclude that the Supply Agreement invalidated the forum selection clause contained in the Credit Agreement.

Plaintiff disagrees and argues that the "supercedes" provision preserved every portion or clause of the Credit Agreement that was not related to the "subject matter" of the Supply Agreement. Plaintiff asserts that because the Credit Agreement's jurisdictional language was not included in the "subject matter" of the Supply Agreement, this clause is not superceded and remains in effect. There are several problems with this argument. First, the Supply Agreement could have, but does not reference or incorporate the Credit Agreement in any way. Second, with the exception of "security interest created in other agreements[,]" the Supply Agreement does not contain any language that indicates the parties intended to preserve any specific portions or clauses contained in prior agreements.

The Supply Agreement clearly superceded prior agreements between the parties that relate

4

to its "subject matter." Therefore, for the Supply Agreement to have the effect Plaintiff desires, we would have to assume that the parties intended to treat the forum selection clause of the Credit Agreement as a distinct "agreement," separate and apart from each surrounding clause. It would be unreasonable to interpret "agreement" so narrowly, particularly considering that each contract at issue is designated as an "Agreement[.]" Without any specific contract language suggesting otherwise, we are unable to accept that the Supply Agreement's "supercedes" provision was intended to somehow operate on a clause-by-clause basis. The parties could have clearly preserved the Credit Agreement's forum selection clause, if they intended to do so. An exception to the sweeping "supercedes" language, much like the "security interest" provision, would have been sufficient.

We also reject Plaintiff's contention that the Credit Agreement's forum selection clause controls because both parties "irrevocably consent[ed]" to the exclusive jurisdiction of this Court. Plaintiff specifically contends that by submitting their irrevocable consent, the parties' agreement is "unalterable, committed beyond recall, and cannot be revoked or superceded by the Supply Agreement." (Pl.'s Br. at 6 n.3) (citing BLACK'S LAW DICTIONARY 373 (2d Pocket Ed., 2001)). This argument ignores, however, that the Credit Agreement also includes a provision that provides for written modification.

Our determination that the forum selection clause is inapplicable does not end the analysis under Federal Rule of Civil Procedure 12(b)(2), in that we must also determine whether Plaintiff has sustained its burden to establish a <u>prima facie</u> case of personal jurisdiction. In order to satisfy this burden, a plaintiff must "come forward with sufficient facts to establish that jurisdiction is proper[,]"[4] either as a result of defendant's "forum-related activities (specific jurisdiction)" or the

---

[4] <u>Mellon Bank (East) PSFS v. Feronica</u>, 960 F.2d 1217, 1223 (3d Cir. 1992).

defendant's "'continuous and systematic' contacts with the forum state (general jurisdiction)." Mellon Bank (East) PSFS v. DiVeronica Bros., 983 F.2d 551, 554 (3d Cir. 1993). While a plaintiff is not required to prove personal jurisdiction by a preponderance of the evidence at this stage, he or she must allege facts sufficient to support a finding of personal jurisdiction, or if the defendant comes forward with an opposing affidavit, respond with competent evidence.[5]

Plaintiff has not pointed to any allegations contained in its complaint or to an exhibit or affidavit that indicates we have personal jurisdiction. Plaintiff simply contends that "if the forum selection clause was not valid, which it is, this Court has personal jurisdiction over Defendants where they entered into a contract in Pennsylvania, governed by Pennsylvania law, with a company operating out of Pennsylvania." This assertion is plainly insufficient to establish a prima facie case of personal jurisdiction, especially considering the affidavit offered by Defendants from their president and owner, Steve Ciolino. In his affidavit, Ciolino avers that Defendants are "organized, operated and incorporated in Louisiana," are "licensed to sell drugs only in Louisiana," and that the Supply Agreement was "negotiated in Metaire, Louisiana business offices with representatives from [Plaintiff's] Dallas, Texas regional offices." Ciolino further contends that the pharmaceuticals Defendants purchased from Plaintiff were shipped from Plaintiff's Texas Distribution Center. (Def.'s Br. Ex. A.)

Because Plaintiff has failed to rebut this affidavit or otherwise sustain its burden to establish personal jurisdiction, we will dismiss Plaintiff's complaint.

---

[5] See generally, In re Chocolate Confectionary Antitrust Litigation, 602 F.Supp.2d 538, 556 (M.D.Pa. 2009) (acknowledging that a plaintiff must respond with actual proofs, not mere allegations, when faced with a motion to dismiss for lack of jurisdiction that is substantiated by an affidavit).

IV.     **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' motion is granted.  Our Order follows.